The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, Arkansas 72503
Dear Senator Bell:
This is in response to your request for an opinion on several questions concerning a referendum on a county annual levy of millage rates. Specifically, you note that at its regular meeting in November 1990, the Independence County Quorum Court levied a 4.6 mill tax for the following year. On March 12, 1991, a vote will be held on a referendum regarding the tax. You have also attached a draft bill which would allow a county, in the event the county ordinance levying taxes is disapproved by referendum, to adopt a new ordinance levying taxes within thirty days of the certification of the referendum vote. You have posed three questions with regard to these facts, as follows:
 1. If the referendum is successful and the tax is repealed, will the millage be reduced to zero?
 2. If the draft bill I have enclosed is enacted, and the referendum is successful, and if the quorum court acts by April 11 to levy a 3.6 mill tax, what would be the millage for the year? More specifically, would the millage be 4.6 mills until March 12, zero until April 11, and 3.6 mills for the rest of the year?
 3. If the referendum successfully repeals the 4.6 mill tax, what percentage vote would be required to pass a new ordinance levying the millage?
It is my opinion that the answer to your first question is, in all likelihood, "yes".
We have not been provided with a copy of the referendum petition, or the original ordinance levying the tax. It is my opinion, however, that if the ordinance merely levies a 4.6 mill tax for the coming year, and does not speak in terms of an increase over the previous year, and if the referendum petition simply refers this ordinance to the voters, and does not provide any alternative levy, the millage will indeed be zero if the referendum is successful. It was noted in Opinion No. 85-5, a copy of which is enclosed, that the millage is an annual levy, and if improperly certified for the year, a city will have a millage of zero.
The answer to your second question is a bit more complex. Assuming your draft bill is enacted, and the referendum is successful, you have asked what the millage will be for the year 1991 in Independence County.
You first ask whether the millage will be 4.6 mills until March 12, the date of the referendum election. It is my opinion that the answer to this first part of your second question is "no". This conclusion is compelled by the fact that an ordinance that is referred to the voters by a referendum petition is held in abeyance until the vote is taken. Its effectiveness is suspended by the filing of a referendum petition. See Arkansas Constitution, Amendment 7, and A.C.A. § 14-14-914 (d)(1). These provisions do not apply to emergency ordinances, (§ 14-14-914
(d)(2)), but an ordinance levying taxes cannot be an emergency ordinance. A.C.A. § 14-14-908(b).
You have not stated when the referendum petition was filed. It is my assumption that it was sometime in January. If so, the millage until March 12, the date of the election, is 4.6 mills from January 1 until the referendum petition was filed, and zero until March 12. (If the petition was filed before January, the millage is zero from January 1 until March 12.
You next ask whether, if the referendum is successful, the millage will be zero from March 12 until April 11, when the quorum court can then act, under the new draft bill, to levy a new millage. The answer to this question is "yes" if the referendum is successful. See discussion is response to Question One, supra.
You next ask whether the millage after April 11 will be 3.6 mills. Your question assumes that the quorum court will convene on April 11, according to the new bill, and levy a millage of 3.6 mills. It is my opinion that if the bill passes and the quorum court takes this action under it, the millage will be 3.6 mills, but this millage may not take effect until thirty days after the date of publication of the new ordinance levying the millage. A.C.A. § 14-14-905(e).
It is thus possible that the millage for the year could be zero from January 1 until sometime in May. Although this may seem a harsh result, it is compelled by the language of the statutes and Amendment 7.[1]
Your third question concerns the percentage vote necessary to pass a new ordinance levying the millage, if the referendum is successful.
It is my opinion that a majority of the whole number of members elected to the quorum court is the vote required to pass a new ordinance in this instance. See A.C.A. § 14-14-905(c).
It might be contended that a two-thirds vote is required by A.C.A. § 14-14-918(b), which provides in pertinent part that:
 QUORUM COURT AUTHORITY. No measure approved by a vote of the electors shall be amended or repealed by a quorum court except by affirmative vote of two-thirds (2/3) of the whole number of justices comprising a court.
It is my opinion that this provision would be inapplicable to a later vote of the quorum court to levy a millage after the former levy was disapproved by the voters. The provision above applies in instances where a measure has been "approved" by the voters. Under a referendum, a legislative act is referred to the voters for their approval or disapproval. It is technically not an act to repeal a measure, it simply refers the disputed measure to the electorate for a vote. It is my opinion that if the people of Independence County vote in the referendum election to reject the 4.6 mill levy, they have disapproved the measure or ordinance levying the tax. There is therefore nothing for the quorum court to amend or repeal, and the provision above is inapplicable. We have so stated previously. See Opinion Nos. 90-016 and 90-126, copies of which are enclosed.
It is therefore my opinion that a subsequent ordinance would require only a majority vote as required by A.C.A. §14-14-905(c).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Many states do not extend the power of referendum to tax measures. It appears that in Arkansas, however, this power is reserved to the people. See Arkansas Constitution Amendment 7
and Opinion No. 88-317.